## UNITED STATES BANKRUPTCY CCOURT
## DISTRICT OF MARYLAND
### Greenbelt Division

| | |
|---|---|
| **In re**<br>**JAMES MICHAEL GRISBY**<br>                    Debtor<br>_____<br><br>**DAVID S. ROSE**<br>**KELLY CRESAP**<br>**MARIE ANDERSON**<br>                    Plaintiffs<br>    - - - vs. - - -<br>**JAMES MICHAEL GRISBY**<br>                    Defendant | **Case No. 09-29705**<br><br><br><br><br><br>**Adversary No. _____** |

### COMPLAINT TO DETERMINE DISCHARGEABILITY

Plaintiffs bring this complaint under 11 U.S.C. §523(a)(2) and (a)(4) and Federal Rule of Bankruptcy Procedure 4007 to determine the dischargeability of debts owed them by Defendant James Michael Grisby (Mr. Grisby).

### JURISDICTION

1. Count I of this adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(1) relating to Bankruptcy Case 09-29705, *In re James Michael Grisby*. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157(a).

2. Count II of this adversary proceeding presents a non-core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §1334 in that it is related to Bankruptcy Case 09-29705, *In re James Michael Grisby*.  This Court has authority to hear and determine the dispute at issue and grant the relief requested,  Plaintiffs consent to the entry of a final order in this proceeding by this Court.

## PARTIES

3.  Plaintiffs bring this action as creditors of Defendant arising from Defendant's activities in Maryland.

4. Defendant is an individual debtor seeking discharge of the debts upon which Plaintiffs claim he is liable to them

## FACTS
### Plaintiffs' Maryland Circuit Court Suit

5. Maryland law requires anyone in the business of advising others regarding the value of securities or investing in securities to be registered as an Investment Adviser with the Commissioner of the Division of Securities, Office of Attorney General of Maryland. See Md. Code, CORPORATIONS AND ASSOCIATIONS, 11-401(b). Conducting Investment Advisory activities without registration is subject to criminal and civil enforcement penalties (*id.*, §11-705(b)) and private civil claims brought directly by injured investors.

6. Between April 2005 and July 2007, defendant James Michael Grisby acted as an Investment Advisor with respect to assets Plaintiffs invested with him. Plaintiffs were social friends of Mr. Grisby's and were, essentially, victims of an affinity scam. Collectively, Plaintiffs invested approximately $240,000 with Mr. Grisby.

7.  Mr. Grisby, for his part, was never registered with the Commissioner as an Investment Adviser. Because Mr. Grisby was not registered with the Commissioner as an Investment Adviser, Mr. Grisby is, among other things, legally obligated to refund to Plaintiffs all the money they invested with him and restore any other losses Plaintiffs sustained while they invested with him.

8. On January 28, 2008, Plaintiffs filed a civil lawsuit against Mr. Grisby to recover their losses.  The suit was filed in Circuit Court of Montgomery County, Maryland and was captioned:

*David S. Rose et al. v. James Michael Grisby*, No. 291760-V. The complaint, a copy of which is attached as Exhibit A, advanced the following claims for relief:

- **Claims I and II** - Two violations of the Maryland Securities Act: (a) engaging in Broker Dealer and Investment Advisor activities without Registration and (b) Securities Fraud.
- **Claim III** - Breach of Fiduciary Duty (alleging that Mr. Grisby misappropriated money while acting as a fiduciary)
- **Claim IV** - Misrepresentation
- **Claim V** - Constructive Fraud

### The Attorney General's Investigation

9. Not long after filing their lawsuit, Plaintiffs learned that the Securities Division of the Office of the Attorney General of Maryland was investigating Mr. Grisby's securities related activities. The investigation was Securities Commissioner Docket No. 2007-0629, *In the Matter of James Michael Grisby*. As the attached Exhibit B shows, Plaintiffs stayed their civil lawsuit pending the completion of that investigation.

10. The Attorney General's investigation concluded with a Consent Order that Mr. Grisby entered into on April 16, 2008 with the Securities Division and that is attached as Exhibit C. The Consent Order recounts the case of an unnamed customer who lost $210,000 at Mr. Grisby's hands: $190,000 in direct losses and $20,000 in investment advisory fees that Mr. Grisby was not legally authorized to provide. That unnamed customer is Plaintiff David S. Rose. In the Consent Order, Mr. Grisby admitted that those losses were caused by his illegal Investment Adviser activities. The losses of the two other Plaintiffs, Kelly Cresap and Marie Anderson, although smaller than Mr. Rose's losses, grew out of substantially similar fact patterns.

11. As part of the Consent Order, Mr. Grisby agreed to a monetary penalty of $210,000. See Exhibit C, Page 4, Paragraph 3. The Consent Order waived collection of the penalty in light of a financial affidavit Mr. Grisby filed with the Attorney General, claiming an inability to satisfy

- 3 -

the penalty (Plaintiffs asked the Attorney General for a copy of the affidavit but have been told that it is confidential).

## Civil Litigation Resumes – And Resolves With
## Mr. Grisby's Agreement to Entry of a Consent Judgment.

12. After the Attorney General's investigation concluded, Plaintiffs resumed the Montgomery County Circuit Court civil litigation.

13. After discovery and pre-trial conference, Plaintiffs reached a civil settlement with Mr. Grisby on May 15 of this year, the terms of which are contained in a letter attached as Exhibit D. The letter was written by Plaintiffs' counsel to Assistant State's Attorney, Robert Hill and was countersigned by Mr. Grisby's counsel Stephen Ball.

14. In the settlement, Mr. Grisby agreed to entry of a $150,000 Consent Judgment against him, nondischargeable in bankruptcy:

> 3. The consent judgment will include language recognizing that the judgment is not dischargeable in bankruptcy and/or other language ensuring the same result.

15. This bankruptcy proceeding commenced before Plaintiffs could get Mr. Grisby's signature on the proposed Consent Judgment, a copy of which is attached as Exhibit E.

## Criminal Proceedings

16. On January 14, 2010, Mr. Grisby pled guilty to and was sentenced on two criminal counts in connection with the investments of yet another social acquaintance/investor, Gary Spizler. See *State of Maryland v. James M. Grisby*, Montgomery County Circuit Court Criminal Number 114262. The two counts were:

(1) Embezzlement-Fraudulent Misappropriation by Fiduciary, in violation of Section 7-113 of the Criminal Law Article; alleging that Mr. Grisby misappropriated money while acting as a fiduciary.

(2) violation of the Maryland Securities Act -Transaction of Business by an Unregistered Person; alleging that Mr. Grisby transacted business as an investment advisor without registration with the Maryland Securities Commissioner.

17. Mr. Grisby was sentenced in Number 114262 on January 14, 2010 to five years in jail, with all but 18 months suspended. Mr. Grisby is currently incarcerated.

## **COUNT I - DETERMINATION OF DISCHARGEABILITY**

18. Plaintiffs reallege and incorporate by reference the allegations set forth in the previous paragraphs of this complaint.

19. As discussed above, Mr. Grisby agreed, in May 2009 (five months before filing the petition in this proceeding), to entry of a Consent Judgment against him in favor of plaintiffs in the amount of $150,000.  Mr. Grisby agreed, at the same time, that the Consent Judgment would not be dischargeable in bankruptcy.

20. Mr. Grisby's previous agreement that the Consent Judgment would not be dischargeable in bankruptcy precludes him from disputing dischargeability of Plaintiffs' claims in this proceeding.

21. Alternatively, pursuant to the doctrines of collateral estoppel and *res judicata* (i.e., issue preclusion and claim preclusion), the Court should determine that Mr. Grisby's conviction in Criminal Number 114262 and the Consent Order in Securities Docket No. 2007-0629, bar Mr. Grisby from disputing dischargeability of Plaintiffs' claims in this proceeding.[1]

---

[1] If Mr. Grisby disputes the preclusive effect of the Consent Order, it may become necessary for Plaintiffs to amend this complaint to join the Maryland Securities Commissioner as an additional party. Plaintiffs respectfully reserve the right to seek that amendment if and when it might become necessary.

22. Alternatively, the Court should determine, on the evidence, that Plaintiffs' claims against Mr. Grisby are not dischargeable in this proceeding on one or more of the following grounds:

- under 11 U.S.C. §523(a)(2)(A) in that Mr. Grisby obtained money from Plaintiffs by means of false pretenses, false representations or actual fraud;

- under 11 U.S.C. §523(a)(4) in that Mr. Grisby misappropriated money from Plaintiffs by means of fraud or defalcation while acting in a fiduciary capacity or by means of embezzlement or larceny; or

- under 11 U.S.C. §523(a)(6) in that Mr. Grisby willfully or maliciously injured Plaintiffs property.

## COUNT II - ENTRY OF JUDGMENT

23. Plaintiffs reallege and incorporate by reference the allegations set forth in the previous paragraphs of this complaint.

24. Pursuant to the parties' agreement settling the Montgomery County civil litigation in No. 291760-V (Exhibit D), Plaintiffs are entitled to entry of judgment against Mr. Grisby in the amount of $150,000 (one hundred, fifty thousand dollars), together with interest at the Maryland statutory rate on judgments of 10% per annum beginning from May 15, 2009 and substantially in the form of the Consent Judgment attached as Exhibit E.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs request that the Court (a) enter a non-dischargeable money judgment in favor of the Plaintiffs and against Defendant James Michael Grisby in the amount of $150,000 (one hundred, fifty thousand dollars), together with interest at the Maryland statutory rate on judgments (currently 10% per annum) beginning from May 15, 2009 and substantially in the form of the Consent Judgment attached as Exhibit E and (b) award Plaintiffs such other relief as is just and proper.

Respectfully submitted,

**SAVIT & SZYMKOWICZ, LLP**

By: /s/ Marvin L. Szymkowicz
     _____
Marvin L. Szymkowicz
MD. District Court Bar #02761
7315 Wisconsin Avenue  - Suite 601 North
Bethesda, MD 20814
Phone: (301) 951-9191
MLS@Savitlaw.com

Counsel for creditors, plaintiffs David S. Rose, Kelly Cresap and Marie Anderson.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 1st day of February 2010, after reviewing the Court's ECF Records, all parties required to be served with a copy of the foregoing paper should receive a copy electronically from the Court, except for the following person(s) to whom a copy is being mailed first class, postage prepaid to:

James Michael Grisby, 14211 Arctic Avenue, Rockville, MD 20853

According to the Court's ECF records, electronic notice of the paper should be provided to the following persons:

| | |
|---|---|
| Justin M. Reiner | Scott R. Robinson, Esq. |
| jreiner@pallaw.com | usbcnotice@first-legal.com |
| | |
| Nancy L Spencer Grigsby | Scott T. Whiteman, Esq. |
| Grigsbyecf@ch13md.com | |

- 7 -